**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DIANNE IRONS and BEN IRONS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) No. 3:11-CV-1894-B (BF) |
| | ) |
| **CITY OF DALLAS and LATASHA MOORE,** | ) |
| | ) |
| **Defendants.** | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the Renewed Motion to Dismiss Plaintiffs' Common Law Tort Claims Against Defendant Latasha Moore ("Moore") , filed by Defendant City of Dallas ("City") on February 6, 2012 (doc. 40) to the United States Magistrate Judge for recommendation (doc. 43).[1] The time to file a response has expired, and Plaintiffs have failed to respond. The Court recommends that the City's Motion be granted and that Plaintiffs' common law tort claims against Moore be dismissed with prejudice.

**Background**

Plaintiffs, Dianne Irons and Ben Irons ("Plaintiffs") filed this suit on August 3, 2011, seeking monetary relief against the City and Dallas police officer Latasha Moore under 42 U.S.C. §§ 1983 and 1988 for the use of excessive force during an unlawful detention and seizure of Plaintiffs at Ms. Iron's home. Plaintiffs contend the arrest and detention violated their fourth amendment rights and

---

[1] The District Court also referred the "City of Dallas's Second Motion to Dismiss Plaintiffs' Federal Claims Pursuant to Rule 12(b)(6)" (doc. 41) to the United States Magistrate Judge.

the common laws of the State of Texas under the Texas Tort Claims Act.  Defendant Moore filed her answer to the complaint on October 26, 2011.  The City filed a motion to dismiss Plaintiffs' federal claims against it on November 17, 2011 (doc.18 and doc. 23).  On December 16, 2011, the City also filed a motion to dismiss Plaintiffs' Texas common-law tort claims against Moore under the Texas Tort Claims Act (doc. 24).

Plaintiffs' response argued that the City's motion to dismiss the federal claims should be denied (doc. 32) and that Plaintiffs should be permitted to re-plead to clarify the scope of their Texas common-law tort claims (doc. 34).  The District Court granted Plaintiffs' motion for leave to amend their complaint on January 19, 2012, and denied without prejudice the City's pending motions to dismiss (doc. 35).

Plaintiffs filed a First Amended Complaint ("Complaint") on January 21, 2012.  (doc. 37). The Court notes that the First Amended Complaint was not signed by Plaintiffs' counsel, and on January 27, 2012, Plaintiffs timely filed a Second Amended Complaint which is identical to the First Amended Complaint except for the addition of Plaintiffs' counsel's signature (doc. 39).

## Jurisdiction and Venue

Plaintiffs allege that the Court has federal question jurisdiction under 28 U.S.C. § 1331 based upon their claims that Defendants violated their constitutional rights and supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367(a) because the claims arise out of the same case or controversy.  Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims occurred within this judicial district.

## Plaintiffs' Allegations

Ms. Irons alleges that she had suffered a stroke that impaired her speech and as a result she

slurred her words and had trouble walking. She claims that on February 23, 2011, the Dallas Police Department was called when her nephew came to her house and a dispute arose over ownership of her home. One of the Dallas Police Officers who came was Moore. The officers spoke with Ms. Irons, and then Moore asked Ms. Irons to step out onto her porch. Ms. Irons complied, and without provocation or warning, Moore arrested Ms. Irons for public intoxication. Ms. Irons told Moore that she did not drink and that her speech was the result of her stroke. Moore told Ms. Irons that she appeared to "have been drinking or maybe under the influence" of drugs.

Ms. Irons telephoned her son, Ben Irons, and he told Moore that his mother had suffered a stroke and her speech was slurred because of the stroke. He stated that he had the medical evidence to prove that he was telling the truth. Moore agreed to wait for him, and when he arrived, he pleaded with the officers to not take his mother to jail and tried to explain to the officers that his mother was a stroke victim and was not inebriated. The officers refused to listen and threatened Ben Irons with arrest if he did not sit down and be quiet. When Ben Irons continued to try to show Moore his mother's medical records that show she goes to speech therapy, without provocation, Moore arrested Ben Irons.

Ben Irons was handcuffed in front of all the neighbors who were watching and placed in the police car under arrest. Ben Irons told his wife and children to leave while he was being arrested and Moore told Ben Irons that she was going to keep him right there in front of everyone in the neighborhood until his wife returned. She told him that when she did, Moore might arrest her too. Ben Irons' wife never returned, and Moore kept Ben Irons handcuffed in the back of the police car for more than 2 hours before she finally released him.

After Moore had detained Ms. Irons for more than two hours, Moore took Ms. Irons to a

3

detoxification center and kept her there for more than six hour. Moore issued Ms. Irons a ticket (with a fine of about $394.00) because Moore said Ms. Irons had "bloodshot eyes, slurred speech, and breath smelling of an alcoholic beverage."

Plaintiffs further allege that the City has had an ongoing problem with Dallas Police Officers arresting sober persons and in February of 2010, the department began requiring officers to write more detailed reports about why someone is a danger to themselves or others when intoxicated. Plaintiffs' allege this unwritten custom, policy, or practice is not being enforced and/or the officers have not been trained properly on how to avoid unlawfully seizing a non-intoxicated person for alleged public intoxication.

## **Standard of Review**

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas*

*Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

In this case, the District Court granted Plaintiffs leave to amend, and Plaintiffs amended their complaint. However, for the following reasons, the disposition of the City's Motion with respect to Plaintiffs' common law tort claims must be based upon Plaintiffs' complaint at the time they filed suit.

### **Irrevocable Election of Remedies Under Texas Law**

The Texas Legislature, as part of comprehensive tort reform in 2003, amended the "Election of Remedies" of the Texas Tort Claim Act. Section 101.106(e) provides:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(e). The reform was designed to force a plaintiff to decide at the outset whether an employee acted independently and would be solely liable, or acted within the general scope of his or her employment, in which case, the governmental unit would be

5

vicariously liable. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 -659 (Tex. 2008). The purpose was to reduce the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery by requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone. *Id*. In other words, the reform was intended to reduce the delay and expense associated with allowing a plaintiff to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable. *Id*.

Under the Tort Claims Act's election of remedies scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against only the governmental unit; (2) when suit is filed against both the governmental unit and its employee; or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 101.106; *Garcia*, 253 S.W.3d at 656. This is true even when the governmental unit is entitled to governmental immunity. *See Garcia*, 253 S.W.3d at 658-59; *Dallas Cnty. Mental Health v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998). Thus, a plaintiff must proceed cautiously before filing suit and must carefully consider and decide whether to seek relief from the governmental unit or from the employee individually. *See Garcia*, 253 S.W. 3d at 658.

### **Plaintiffs' Common Law Tort Claims Against Moore and the City**

Plaintiffs pleaded pendant common law tort claims for false arrest, false imprisonment, intentional infliction of emotional distress, and negligence against the City, a governmental unit, and

6

against Moore, the City's employee. (Doc. 2 at 7-8, 11 ¶¶ 13, 16, 28-31.)

Subsection 2 of section V of the original complaint incorporated all previous paragraphs and alleged that Defendants subjected Plaintiffs to false arrest and imprisonment, deprivation of liberty and humiliation without reasonable or probable cause. (Orig. Compl. (doc. 2) at 5).

Subsection 3 of section V of the original complaint addressed the tort of infliction of emotional distress:

> 16. Defendant Latasha Moore intentionally or recklessly caused each and every Plaintiff to be humiliated by falsely arresting them and keeping them in the public handcuffed for more than two hours while the neighborhood residents watched. Plaintiff Dianne Irons was inside her home when she was requested to come out onto the porch and then arrested because she was now in a public place (her front porch) and allegedly intoxicated. Defendants' conduct was extreme and outrageous and proximately caused each and every Plaintiff severe emotional distress. Each and every Plaintiff suffered damages for which Plaintiffs herein sue.

(Id. at 6.)

Subsection 4 of Section V addressed negligent supervision and training:

> 24. Plaintiffs have been damaged as a result of the wrongful, negligent, and illegal acts of the Defendants City of Dallas and its officer, Latasha Moore.

(Id. at 11.)[2]

The Court finds that the City correctly contends that Plaintiffs sued both the City and its employee, Moore, for Texas common-law torts and pleaded that both the City and Moore committed acts that were the cause of Plaintiffs' damages. The election of remedies provision, while procedural, has a substantive impact. *Phillips v. Dafonte*, 187 S.W. 3d 669, 673 (Tex.App.–Houston

---

[2] In their First and Second Amended Complaints, Plaintiffs bring claims for wrongful arrest, false imprisonment, and intentional infliction of emotional distress against Moore and allege that the City ratified Moore's actions, in effect, claiming the City is liable. They also allege negligence claims against Moore and the City.

[14th Dist.] 2006, no pet.). Because a plaintiff's choices and procedural actions impact the immunity of either the governmental unit or its employee, § 101.106 is a jurisdictional statute involving the waiver of immunity. *See State v. Lueck*, 290 S.W. 3d 876, 880 (Tex. 2009) (noting immunity is a jurisdictional question); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (noting immunity deprives a trial court of subject-matter jurisdiction). Therefore, the election of remedies provision of TTCA section 101.106(e) is applicable. Accordingly, the Court recommends that the District Court grant the City's Motion and dismiss Plaintiffs' Texas common-law claims for false arrest, false imprisonment, intentional infliction of emotional distress, and negligence with respect to Moore.

### **Recommendation**

The Court recommends that the District Court GRANT Defendant City of Dallas' Renewed Motion to Dismiss and dismiss with prejudice Plaintiffs' claims against Defendant Latasha Moore.

SO RECOMMENDED, April 4, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiffs.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).